**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Billye Parcel, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Credit Protection Association, L.P., a Texas limited partnership, )<br>)<br>Defendant. ) | <br><br><br><br><br>No. 10 C 4769<br><br><br><br><br>Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Billye Parcel, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letters violate the FDCPA, and to recover damages for these violations, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Billye Parcel ("Parcel"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Comcast.

4. Defendant, Credit Protection Association, L.P. ("CPA"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CPA was acting as a debt collector as to the debt it attempted to collect from Ms. Parcel.

5. Defendant CPA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.

6. Defendant CPA is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Defendant CPA sent Ms. Parcel an initial form collection letter, dated February 15, 2010, demanding payment of a delinquent consumer debt owed to Comcast. A copy of this letter is attached as Exhibit C.

8. Only 27 days later, Defendant CPA sent Ms. Parcel a second form collection letter, dated March 12, 2010, demanding payment for the same debt, which demanded, in red capital letters, that she "PAY NOW!".

9. Moreover, although only a few days were left within the 30-day validation period, this letter further stated:

\* \* \*

> Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of

2

that period. If this account is not settled, your name and account number will be reported to credit bureaus throughout the country.

\* \* \*

A copy of this letter is attached as Exhibit D.

10. All of Defendant CPA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant CPA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

14. Here, although Defendant CPA's first letter (Exhibit C) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed because it is on the reverse side of the collection letter, in smaller and lighter type than the front

3

side of the letter, and is buried under a heading entitled "PAYMENT NOTICE" and three paragraphs concerning payment made by check -- rather than being listed under the heading of "NOTICE OF IMPORTANT RIGHTS". Therefore, Defendant CPA's form collection letter violates § 1692g of the FDCPA.

15. Moreover, language contained in Defendant's second collection letter (Exhibit D) renders that validation notice in its first collection letter (Exhibit C) ineffective. Specifically, the demand in Defendant CPA's second letter (Exhibit D) that Plaintiff must "PAY NOW!", and that there were up to three weeks left to dispute the debt, when, in fact, only 3 days remained in the validation period, would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating confusion and a false sense of urgency. Defendant CPA's form collection letter thus further violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

16. Defendant CPA's violations of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e And § 1692f Of The FDCPA --**
**False Statements and Unfair or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e. Moreover, section 1692f of the FDCPA prohibits a

debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

19.	Falsely telling a consumer that they have still have up to three weeks to dispute the debt when, in fact, they only have three days left in which to dispute the debt is false, deceptive or misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

20.	Defendant's violation of § 1692e and § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.	Plaintiff, Billye Parcel, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Comcast, via the same form collection letters (Exhibits C and D), sent within 30 days of each other, that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22.	Defendant CPA regularly engages in debt collection, using the same form collection letters it sent Plaintiff Parcel, in its attempts to collect delinquent consumer debts from other persons.

23.	The Class consists of more than 35 persons from whom Defendant CPA attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent Plaintiff Parcel.

24. Plaintiff Parcel's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Parcel will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Parcel has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Billye Parcel, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Parcel as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Parcel and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billye Parcel, individually and on behalf of all others similarly situated, demands trial by jury.

        Billye Parcel, individually and on behalf of all others similarly situated,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: July 29, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com